UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARQUIST BUCKNER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 16-cv-2058-JES |
| | ) |
| TIMOTHY BUKOWSKI and TOM DART, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, apparently a pretrial detainee proceeding pro se, pursues an action under 42 U.S.C. § 1983 against Kankakee County Sheriff Timothy Bukowski for excessive force and deliberate indifference to his serious medical needs at the Jerome Combs Detention Center. At the time he filed the complaint Plaintiff was in custody at the Cook County Jail. He has named Cook County Sheriff Tom Dart in the caption of the Complaint, but has not directed any allegations against him.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

1

## MATERIAL FACTS

Plaintiff, not identifying the date, alleges that he slipped on a puddle of water which was coming from the showers at the Jerome Combs Detention Center.[1] Plaintiff allegedly fell, injuring his neck, back and right leg. He claims that he was on the floor for about ten minutes when a correctional officer responded and told him that a nurse was on the way. Plaintiff claims that the unidentified female nurse told him there was nothing wrong with him and that he should take his "dumb ass" back to his cell. Plaintiff objected, stating he was unable to walk. The nurse and officer allegedly left, leaving him lying in the puddle.

Plaintiff claims that he remained on the floor for about an hour when Sergeant Austin approached him, laughing. Plaintiff claims that when he asked for help, Sergeant Austin tased him without provocation. Plaintiff alleges that he was thereafter dragged to his cell and was never given any medical attention.

## ANALYSIS

It is well established that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment. *Snipes v DeTella*, 95 F.3d 586, 590 (7th Cir 1996), citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In the case of pretrial detainees, actions for deliberate indifference and excessive force arise under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, but the same standard applies. *Zentmyer v. Kendall County, Ill.,* 220 F.3d 805, 810 (7th Cir. 2000). A Plaintiff alleging deliberate indifference to a serious medical need must show (1) that the defendant knew of the serious medical need, and (2) disregarded that need. *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir 1998)*,* citing *Farmer*, 511 U.S. 825, 837 (1994). Here, Plaintiff states enough at the pleadings stage to allege deliberate indifference as to Sgt. Austin, the unidentified nurse and the

---

[1] The grievance attached to the Complaint identifies the date of injury as January 4, 2016. [ECF 1 p. 9].

first responding officer.  Sergeant Austin will be added to the caption as well as Officer John Doe and Nurse Jane Doe.

As to the claim of excessive force, Plaintiff must show that the force was applied maliciously and sadistically, not in a good faith effort to maintain or restore discipline.  *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).  This is so, as prison officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used.  Such decisions are "necessarily made in haste, under pressure, and frequently without the luxury of a second chance." *Id.* at 320.  Here, Plaintiff states enough to allege a Fourteenth Amendment claim of unjustified use of force at the hands of Sgt. Austin.

While Plaintiff names Sheriff Bukowski, he does not claim that the Sheriff was present or participated in the conduct.  Section 1983 does not allow actions against individuals just for their supervisory role of others.  Individual liability under § 1983 can only be based upon a finding that the defendant caused the deprivation alleged.  *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)(internal quotations and citations omitted).  Sheriff Bukowski is dismissed.

Similarly, Plaintiff names Cook County Sheriff Tom Dart as a Defendant, but does not direct any allegations against him.  As noted in *Palmer,* the fact that one has a supervisory role over others is not enough to establish § 1983 liability.  *See also, Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) ("To be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation.").  Furthermore, merely naming a defendant in the caption is not sufficient to state a claim.  *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998).  Accordingly, Sheriff Dart is dismissed.

**IT IS THEREFORE ORDERED:**

    **1.**    This case shall proceed against Defendant Austin for excessive force and deliberate indifference to Plaintiff's serious medical needs, and against Officer John Doe and Nurse Jane Doe for deliberate indifference, only.  Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.  **Defendants Bukowski and Dart are DISMISSED.  Officer John Doe and Nurse Jane Doe are to be added to the caption.  It will be Plaintiff's obligation through disclosures and discovery to determine the identities of these Doe Defendants.**

    2.    The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

    3.    If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).  If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    4.    Defendants shall file an answer within the prescribed by Local Rule.  A Motion to Dismiss is not an answer.  The answer it to include all defenses appropriate under the Federal

Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

    5.    Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

    6.    Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

    7.    Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

    8.    Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

    1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

    2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

   6/23/2016  
ENTERED

   s/James E. Shadid  
JAMES E. SHADID  
UNITED STATES DISTRICT JUDGE